IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBBIE GREGERSEN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-00220 |
| | § | (JURY) |
| FEDNAT INSURANCE COMPANY, | § | |
| | § | |
| *Defendant,* | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Debbie Gregersen, ("Plaintiff"), and files **Plaintiff's First Amended Complaint**, complaining of FedNat Insurance Company ("FedNat") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### PARTIES

1. Plaintiff, Debbie Gregersen, resides in Harris County, Texas.

2. Defendant, FedNat Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Defendant is properly before this Court.

### JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201 and 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial

part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

5. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Texas and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Texas based entities and consumers.

## NOTICE AND CONDITIONS PRECEDENT

6. Plaintiffs have provided Texas statutory notice of the claim to Defendant in this Complaint and said notice was provided more than sixty days prior to this Complaint being filed.

7. All conditions precedent necessary to maintain a claim unde the insurance policy in question have been performed, occurred, or have been waived by Defendant.

## FACTS

8. Plaintiff asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9. Plaintiff owned an FedNat Insurance Company insurance policy, number FNT195098901 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 11903 Windlake Drive, Houston, Texas 77070 ("the Property").

10. FedNat Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiff. FedNat Insurance Company represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's property. During the time from May 25, 2019 to May 25, 2020 ("Policy Period"), a severe storm passed through the Harris County, Texas area.

11. In the aftermath of the storm, Plaintiff submitted a Claim to FedNat Insurance Company against the Policy for damage to the Property. FedNat Insurance Company assigned claim number HO0121360574 to Plaintiff's claim (the "Claim"). The claim was assigned a date of loss of April 19, 2020.

12. Plaintiff asked FedNat to cover the cost of damage to the Property pursuant to the Policy.

13. FedNat Insurance Company hired or assigned its agent, Theresa Elliott ("Elliott"), to inspect and adjust the claim. Elliott arranged for an inspection to be completed by Eberl Claim Services, on or about May 21, 2021, according to the information containted in her denial letter to Plaintiff. Elliott represented that the inspection did not find any damage to the property related to the storm that passed through the area. After application of depreciation and $1,850 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of the Claim.

14. FedNat, through its agent, Elliott, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage. FedNat either failed to conduct appropriate research into weather events occurring at the insureds' location, or ignored that weather information which showed that the location was impacted by severe weather during the Policy period.

15. FedNat and Elliott have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. The third-party inspector hired to review the damage to the Property found additional storm damage damage that was completely absent from Elliott's estimate.

16. The damage to Plaintiff's Property is currently estimated at $28,514.80.

17. Elliott had a vested interest in undervaluing the claims assigned to her by FedNat in order to maintain their employment. The disparity in the number of damaged items in their report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Elliott.

18. Furthermore, Elliott was aware of Plaintiff's deductible prior to inspecting the Property. Elliott had advanced knowledge of the damages they needed to document in order to be able to deny the Claim.

19. Elliott misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Elliott made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on her expertise and accept the bad faith estimate as a true representation of the damages.

20. After reviewing Plaintiff's Policy, Elliott misrepresented that the damage was caused by non-covered perils. Elliott used their expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

21. As stated above, FedNat and Elliott improperly and unreasonably adjusted Plaintiff's Claim. Without limitation, FedNat and Elliott misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's Claim or loss under the Policy.

22. FedNat and Elliott made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. FedNat and Elliott made these false representations with the intent that Plaintiff acts in accordance with the

misrepresentations regarding the grossly deficient damage and repair estimates prepared by Elliott.

23. Plaintiff relied on FedNat and Elliott's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

24. Upon receipt of the inspection and estimate reports from Elliott, FedNat failed to assess the Claim thoroughly. Based upon Elliott's grossly unreasonable, intentional, and reckless failure to investigate the Claim properly prior to underpaying coverage, FedNat failed to provide coverage due under the Policy, and Plaintiff suffered damages.

25. Because FedNat and Elliott failed to provide coverage for Plaintiff's insurance Claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

26. Furthermore, FedNat and Elliott failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Elliott performed an unreasonable and substandard inspection that allowed FedNat to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

27. FedNat and Elliott's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

28. FedNat and Elliott's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). FedNat and Elliott have failed to settle Plaintiff's Claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, FedNat and Elliott have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

29. FedNat and Elliott's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). FedNat and Elliott failed to provide Plaintiff a reasonable explanation for underpayment of the Claim.

30. Additionally, after FedNat received statutory demand on or about October 18, 2021, FedNat has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's Claim properly.

31. FedNat and Elliott's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Elliott performed a biased and intentionally substandard inspection designed to allow FedNat to refuse to provide full coverage to Plaintiff under the Policy.

32. Specifically, FedNat and Elliott performed an outcome-oriented investigation of Plaintiff's Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

33. FedNat's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of

Claim. TEX. INS. CODE §542.055. Due to Elliott's subpar inspection, FedNat failed to reasonably accept or deny Plaintiff's full and entire Claim within the statutorily mandated time after receiving all necessary information.

34. FedNat's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Elliott's intentional undervaluation of Plaintiff's Claim, FedNat failed to meet its obligations under the Texas Insurance Code regarding timely PAYMENT of the Claim. Specifically, Elliott's understatement of the damage to the Property caused FedNat to delay full payment of Plaintiff's Claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's Claim.

35. FedNat and Elliott's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT FEDNAT INSURANCE COMPANY

36. All paragraphs from the fact section of this complaint are hereby incorporated into this section.

### BREACH OF CONTRACT

37. FedNat is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then,

that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between FedNat and Plaintiff.

38. FedNat's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of FedNat's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

39. All allegations above are incorporated herein.

40. FedNat's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

41. FedNat's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

42. FedNat's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though FedNat's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

43. FedNat's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

44. FedNat's unfair settlement practice of refusing to pay Plaintiff's full Claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

45. FedNat's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

46. FedNat's delay in paying Plaintiff's Claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47. FedNat's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

48. FedNat's failure to adequately and reasonably investigate and evaluate Plaintiff's Claim, even though FedNat knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**DTPA VIOLATIONS**

49. FedNat's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by FedNat pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against FedNat. Specifically, FedNat's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, FedNat have violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. FedNat's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's Claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

   B. FedNat represented to Plaintiff that the Policy and FedNat's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

   C. FedNat represented to Plaintiff that FedNat's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

   D. FedNat advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

  E. FedNat breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

  F. FedNat's actions are unconscionable in that FedNat took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. FedNat's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

  G. FedNat's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50. Each of the above-described acts, omissions, and failures of FedNat is a producing cause of Plaintiff's damages. All of FedNat's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

51. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

52. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

**DAMAGES**

53. The damages caused to the Property have not been properly addressed or repaired since the Claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

54. Plaintiff currently estimates that actual damages to the Property under the Policy are $28,514.8.

55. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

56. For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of her Claim, consequential damages, together with attorney's fees.

57. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times her actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

58. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claims, plus an eighteen percent (18%) per annum penalty on

those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

59. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount FedNat owed, exemplary damages, and damages for emotional distress.

60. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

61. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

62. Plaintiff hereby requests a jury trial for all causes of action alleged herein.

## PRAYER

Plaintiff prays that upon trial hereof, Debbie Gregersen, recovers from Defendant, FedNat Insurance Company such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show they are so justly entitled.

Dated: June 24, 2022

Respectfully submitted,

By: /s/ *Michael D. Jack*

Chad T. Wilson
Texas Bar No. 24079587
Southern District Bar No. 2249683
Michael D. Jack
Texas Bar No. 24120920
Southern District Bar No. 3643101
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
eservice@cwilsonlaw.com
mjack@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF FILING AND SERVICE

   I hereby certify that on June 24, 2022, I electronically transmitted this document to the Clerk of Court using the CM/ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to defendant(s) counsel of record.

Les Pickett
lpickett@gallowayfirm.com
Brian A. Srubar
bsrubar@gallowayfirm.com
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
1301 McKinney, Suite 1400
Houston, Texas 77010
Telephone: (713) 599-0700
Facsimile: (713) 599-0777

ATTORNEYS FOR DEFENDANT
FEDNAT INSURANCE COMPANY

                       /s/ *Michael D. Jack*